UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOMINICK L. PERALTA and HEIDI L. PERALTA, Plaintiff ) ) ) | CASE NO: |
| V. ) ) | TRIAL BY JURY DEMANDED |
| GIRARD MOTORS, INC. and ) NISSAN MOTORS ACCEPTANCE CORP., ) Defendants ) ) | COMPLAINT |
| | DECEMBER 21, 2010 |

1.      Dominick L. Peralta is a natural person residing in Oakdale, Connecticut.

2.      Heidi L. Peralta is a natural person residing in Oakdale, Connecticut.

3.      Defendant Girard Motors, Inc. d/b/a Girard Nissan ("Girard") is a Connecticut corporation that operates a new and used car dealership in Groton, CT.

4.      Defendant Nissan Motor Acceptance Corp. ("NMAC") is a California corporation with a principal place of business in Franklin, Tennessee.

5.      Jurisdiction of this court arises under 15 U.S.C. § 1640(e), 28 U.S.C. §1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

6.      Venue in this court is proper, because the plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

7.      On or around May 27, 2010, Plaintiffs purchased a 2007 Nissan Quest pursuant to a retail installment sales contract (the "Contract") with Girard.

8.      The Contract was subsequently assigned from Girard to NMAC.

9.      Unbeknownst to Plaintiffs, at or about the time that the contract was entered into, Girard submitted a forged authorization to a third party pursuant to which

funds would be automatically withdrawn from Plaintiffs' checking account for purposes of making installment payments on the Contract.

10.     The schedule of the withdrawals from Plaintiffs' account differed from the date and amount of periodic payments disclosed to Plaintiffs on the truth in lending disclosures that were provided to them as part of the transaction.

11.     Additionally, the finance charge and the annual percentage rate disclosed to Plaintiffs differed from the effective values  based upon the automatic withdrawal, and the annual percentage rate was not disclosed to Plaintiffs as an estimate.

12.     Girard is liable to Plaintiffs under the Truth in Lending Act, the Connecticut Unfair Trade Practices Act, and for civil forgery pursuant to Conn. Gen. Stat. § 52-565.

13.     NMAC, as the assignee of the contract, is liable to Plaintiffs under the Connecticut Unfair Trade Practices Act, for civil forgery pursuant to Conn. Gen. Stat. § 52-565, and pursuant to Conn. Gen. Stat. § 52-572g.

14.     Because NMAC has elected to retain the benefit of the contract notwithstanding its knowledge that Girard has willfully violated the Connecticut Retail Installment Sales Finance Act, Plaintiffs are entitled to an order that NMAC is not entitled to collect any finance or delinquency charges under the Contract.

PLAINTIFFS, DOMINICK L. PERALTA AND
HEIDI L. PERALTA

By: _____

Daniel S. Blinn, ct02188
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com

2